UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FLORENTINO JOSE ALONSO
GARCIA,

       Petitioner,

    v.                             Case No.:  2:26-cv-00111-SPC-NPM

WARDEN,

       Respondent,

                                     /

## OPINION AND ORDER

Before the Court is Florentino Jose Alonso Garcia's *pro se* Petition for a Writ of Habeas Corpus (Doc. 1).  Alonso Garia claims his detention in Alligator Alcatraz violates the Fifth Amendment's Due Process Clause because there is no significant likelihood of removal in the reasonably foreseeable future.  But the petition is deficient in several respects.  First, it is unsigned.  "Application for a writ of habeas corpus shall be in writing *signed and verified* by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.

Second, it appears Alonso Garcia's wife filed the petition on his behalf. The latter part of § 2242 codifies the common law tradition of permitting a "next friend" to litigate on behalf of a detained person who is unable to seek relief himself, "usually because of mental incompetence or inaccessibility."

*Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* 1t 163. The "next friend" must adequately explain why the detainee cannot appear on his own behalf to prosecute the action, and he must be truly dedicated to the best interests of the detainee. *Id.* "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Third, the petition does not include enough detail to warrant habeas relief. In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). The Court established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts consider the constitutionality of continued detention under a burden-shifting framework:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Alonso Garcia's petition does not carry the initial burden of proof. A habeas petitioner's "bare allegations are insufficient to demonstrate a

significant unlikelihood of his removal in the reasonably foreseeable future."
*Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002); *see also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that a petitioner is not entitled to habeas relief—or even an evidentiary hearing—"when his claims are merely conclusory allegations unsupported by specifics[.]" (internal quotation marks and citations omitted)).

And finally, the petition does not identify a respondent.  A habeas petitioner must state "the name of the person who has custody over him and by virtue of what claim or authority, if known."  28 U.S.C. § 2242.  The immediate custodian—i.e., the warden of the detention facility—is normally the only proper respondent in a habeas action, but immigration detention is more complicated.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to decide whether the Attorney General is a proper respondent to a habeas action filed by an alien pending deportation); *see also Masingene v. Martin*, 424 F. Supp. 3d 1298, 1302 (S.D. Fla. 2020) (finding the director of ICE's local field office is a more appropriate respondent than the warden of a state-run detention facility).

For these reasons, Alonso Garcia's petition is **DISMISSED without prejudice**.  He may file an amended petition within **21 days** of this order.  If someone seeks to file on Alonso Garcia's behalf, they must establish the propriety of "next friend" status.

**DONE AND ORDERED** in Fort Myers, Florida on January 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1