UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FLORENTINO JOSE ALONSO
GARCIA,

       Petitioner,

    v.                          Case No.:  2:26-cv-00398-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,

       Respondent,

_____/

## OPINION AND ORDER

Before the Court are petitioner Florentino Jose Alonso Garcia's Amended

Petition for Writ of Habeas Corpus (Doc. 3)[1] and the government's response

(Doc. 5).  For the below reasons, the Court grants the petition.

### A. Background

Alonso Garcia is a native of Cuba who entered the United States on

September 10, 1986.  His wife, three children, and three grandchildren are U.S.

citizens, and he has no criminal record other than minor traffic violations and

a 2000 misdemeanor for carrying a concealed weapon.  On July 27, 2007, an

immigration judge ordered Alonso Garcia removed.  Immigration and Customs

---

[1] Alonso Garcia's wife Juanita Brunson-Alonso filed the petition as his "next friend."  The
respondent objects to her authority to do so.  The Court is satisfied that Brunson-Alonso
satisfies the requirements for "next friend" standing established in *Whitmore v. Arkansas*,
495 U.S. 149 (1990).

Enforcement ("ICE") subsequently released him under an order of supervision. Alonso Garcia has complied with all terms of supervision.

When Alonso Garcia reported to ICE for a check-in appointment on November 8, 2025, ICE arrested him, revoked the order of supervision, and detained him at Alligator Alcatraz. Cuba declined to repatriate Alonso Garcia, and ICE has since transferred him to ERO El Paso Camp East Montana. Alonso Garcia challenges the legality of his detention because there is no significant likelihood of removal in the reasonably foreseeable future.

## B. Legality of Detention

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably

removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.* The presumptively reasonable six-month period for detention pending removal commences at the beginning of the removal period. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

The respondent argues Alonso Garcia's petition is premature because his current detention has not exceeded 180 days. He assumes the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas.* It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the

removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies.  Alonso Garcia has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Immigration officials presumably made that determination in 1997, when they issued an order of supervision.  More recently, Cuba has declined to repatriate him.  The burden thus shifts to the respondent.   On December 12, 2025, ICE notified Alonso Garcia it intended to remove him to Mexico, but ICE does not claim it has made any attempt to do so in the three months since.  What is more, there is no evidence suggesting Mexico is likely to accept Alonso Garcia— a 59-year-old grandfather with no ties to Mexico—into the country.

### C. Conclusion

The Court finds no significant likelihood Alonso Garcia will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, DHS can detain Alonso Garcia to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Florentino Jose Alonso Garcia Amended Petition for Writ of Habeas Corpus (Doc. 3) is **GRANTED**.

1. The respondent shall release Alonso Garcia within 24 hours of this Order, and he shall facilitate his transportation from the detention facility by informing Juanita Brunson-Alonso by phone when and where he can be collected.  She has provided the following phone number: (305) 815-5957.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record